# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

L & S TRAILERS & SUPPLY, LLC,

        Plaintiff,                       CASE NO. 1:08-cv-00232-SPM-AK

vs.

OPTIMA INDUSTRIES, LLC,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes for consideration upon Defendant's Motion for Summary Judgment and support memorandum (docs. 41 and 42). Plaintiff filed a response in opposition (doc. 53). The jurisdiction of this court is invoked pursuant to Title 28, United States Code, Section 1346(b). For the reasons set forth below, the Court denies Defendant's Motion for Summary Judgment.

**I.    BACKGROUND[1]**

L&S Trailers & Supply, LLC ("Plaintiff") is a retail seller of trailers and recreational vehicles and retail distributor of trailers. Plaintiff entered into an agreement with Optima Industries LLC ("Defendant"), a manufacturer of trailers, the terms of which required

---

[1]Background information is gathered from documents 1 and 37.

CASE NO. 1:08-cv-00232-SPM-AK

Plaintiff to accept one motorcoach from Defendant in order to sell it to the public. Pursuant to the terms of the agreement, Defendant was expected to pay the monthly fees and costs associated with "floor-planning."[2] In exchange, Plaintiff agreed to display the motorcoach for six months, after which time, Defendant would take it back providing it hadn't been sold. Subsequently, Defendant billed Plaintiff's account with Textron Financial ("the Lender"). Accordingly, Plaintiff, by way of Textron Financial, paid Defendant for the price of the motorcoach. A term of Textron Financial's agreement allowed it to charge back to Defendant the cost of the motorcoach if Plaintiff was unable to pay the entire price (from a sale) within twelve months.

It is undisputed that the motorcoach was not sold during the first six months it was displayed as part of the floor-planning. Defendant did not take the motorcoach back as they had previously agreed to do, rather Defendant asked - and Plaintiff agreed - to continue to display the motorcoach in an attempt to sell it, and in return, Defendant agreed to continue paying the fees and costs associated with the floor-planning. After an indeterminate period of time Defendant agreed to pick up the motorcoach and take it to a facility in Georgia to perform repairs and attempt to sell it. Defendant kept the motorcoach for seven more months and continued to make the floor payments for that

---

[2]"Floor-planning" is the process by which automobile, recreational vehicle, and boat dealerships finance their expensive inventory. Typically, the dealership enters into an agreement whereby a bank or financial institution provides a loan to the dealership so that the dealership can purchase its inventory from the manufacturer and put the inventory in display for sale. The lending institution typically holds the title to the inventory until it is sold by the dealer. The dealer is responsible for making periodic payments of the loan to the lender until the inventory is sold, at which time the loan is paid off by the dealer from the proceeds from the sale and the title is transferred to the new purchaser.

CASE NO. 1:08-cv-00232-SPM-AK

duration.

After twelve months had passed and Defendant could presumably no longer be subject to a charge back by Textron Financial, Defendant stopped making the floor-plan payments and informed Textron Financial that it was not taking the motorcoach back from Plaintiff.  Plaintiff began making the payments and around the date of May 3, 2008, Plaintiff discovered that the motorcoach had been dropped off at its establishment, and was dirty, missing parts, and had 141.6 hours of use logged on its generator and 2,473.5 miles on its odometer.  Accordingly, this condition decreased the motorcoach's value and prevented Plaintiff from marketing the vehicle as "new."  Plaintiff filed suit against Defendant, alleging *inter alia* negligence and fraud (doc. 37).  By January 30, 2009, Plaintiff had yet to file any required Rule 26 disclosures.  Subsequently, Defendant responded by filing the Motion for Summary Judgment that is pending before this Court, to which Plaintiff responded (docs. 42 and 53)

## II. ANALYSIS

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  An issue is "material" if it might affect the outcome of the case under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In determining whether the burden has been met, the court must "view the evidence and all factual inferences therefrom in the light most favorable to the

non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant." Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004) (citations omitted).

Here, summary judgment must be denied because it is not the proper remedy in cases where one party has failed to file Rule 26 disclosures.  Clearly, Fed. R. Civ. P. 26(a)(1) requires each side to make initial disclosures irrespective of whether opposing party makes a discovery request.  However, if a party fails to make initial disclosures, as required by Rule 26, the opposing party's appropriate remedy is to move to compel discovery.  Fed. R. Civ. P. 37(a)(3)(A) ("If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions").  Moreover, summary judgment must be denied because there are genuine facts at issue in this case, namely whether or not Defendant was negligent and/or made fraudulent representations to Plaintiff.

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1.  Defendant's Motion for Summary Judgment (doc. 41) is DENIED.

DONE AND ORDERED this <u>twentieth</u> day of November, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge

CASE NO. 1:08-cv-00232-SPM-AK